UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHREE KUBER BABA LLC D/B/A<br>BEST WESTERN PLUS,<br><br>　　Plaintiff,<br><br>v.<br><br>COLUMBIA MUTUAL INSURANCE<br>COMPANY AND RUSSELL<br>DENTON,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:16-cv-1073 |

**D<small>EFENDANT</small> C<small>OLUMBIA</small> M<small>UTUAL</small> I<small>NSURANCE</small> C<small>OMPANY'S</small> N<small>OTICE OF</small> R<small>EMOVAL</small>**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Columbia Mutual Insurance Company files this Notice of Removal and respectfully shows:

**I.**
**F<small>ACTUAL AND</small> P<small>ROCEDURAL</small> B<small>ACKGROUND</small>**

1.　This is a dispute under a commercial insurance policy issued by Defendant Columbia Mutual Insurance Company ("Columbia") to Plaintiff Shree Kuber Baba LLC d/b/a Best Western Plus ("SKB"). SKB seeks payment under the subject policy for alleged storm damage to its commercial property.

2.　On September 29, 2016, SKB filed this action, entitled *Shree Kuber Baba, LLC d/b/a Best Western Plus v. Columbia Mutual Insurance Company and Russell Denton*, Cause No. 16-09-0889-CVA, in the 81st/218th District Court of Atascosa County, Texas. (*See* Pl.'s Pet. at 1.). SKB served Columbia with this action on October 5, 2016. To date, on information and belief, SKB has not served Mr. Denton.

3. In addition to asserting causes of action against Columbia, SKB asserts contractual and extra-contractual claims against Mr. Denton, the independent adjuster who only inspected the property on behalf of Columbia.

## II.
## REMOVAL IS PROPER

4. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Although he need not consent to removal as Columbia contends that he was improperly joined, Mr. Denton consents to this Notice of Removal.

**A.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PROPER PARTIES**

5. SKB is a Texas limited liability company with its principal place of business in Texas. (*See* Pl.'s Pet. at 1.). SKB's two members are Rajnikat Patel and Geeta Patel, and both are citizens of Texas and residents of Atascosa County, Texas. Under applicable law, SKB is, both now and when this action was filed, a citizen of Texas.

6. Columbia is a Missouri corporation with its principal place of business in Missouri. Under applicable law, Columbia is, both now and when this action was filed, a citizen of Missouri. Mr. Denton is, both now and when this action was filed, a citizen and resident of Texas. However, Mr. Denton has been improperly joined and his citizenship should be disregarded for purposes of determining diversity jurisdiction.

7. The doctrine of improper joinder allows the Court to disregard the citizenship of a non-diverse defendant when (1) there is actual fraud in the pleading of jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant. *See*

*Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). In determining fraudulent joinder, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. Importantly, courts are to use the federal pleading standard when conducting the Rule 12(b)(6)-type analysis. *Int'l Energy Ventures Mgmt., L.L.C.,* 818 F.3d at 200. Consequently, "Rule 8 and—in specific circumstances—Rule 9 provide the statutory component of the federal pleading standard" under which Rule 12(b)(6) operates to determine whether a party has been improperly joined. *Id*. at 203.

**B.     SKB IMPROPERLY JOINED MR. DENTON TO THIS ACTION**

8.     SKB fails to plead facts sufficient to state a claim against Mr. Denton that is plausible on its face. Plausibility requires more than a "sheer possibility" of misconduct and bare legal conclusions that are unsupported by factual underpinnings do not state a viable claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible if the pleading contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the allegations. *Id*. A "formulaic recitation of the elements of a cause of action will not do." *Id*. at 677-78. Additionally, "[c]laims alleging violations of the Texas Insurance Code and the DTPA . . . are subject to the requirements of Rule 9(b)," and must state with particularity the who, what, when, where and how of the events at issue. *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *Bige, Inc. v. Penn-Am. Ins. Co.*, 1-15-CV-292 RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015).

9.     Here, SKB fails to plead facts sufficient to establish a reasonable basis for recovery against Mr. Denton. Aside from incorrectly alleging that Columbia assigned Mr.

Denton to "adjust the claim," SKB's only factual allegations that specifically apply to him are the generic and conclusory allegations that he conducted a substandard inspection and failed to account for all covered damage. (*See* Pl.'s Pet. at 5.). SKB's remaining allegations merely lump Columbia and Mr. Denton together, lack factual enhancement and are conclusory and nothing more than a regurgitation of the text of the Texas Insurance Code and DTPA. (*See generally* Pl.'s Pet. at 7-10). Such a manner of pleading is deficient and fails to meet the federal pleading standard. *See Studer v. State Farm Lloyds,* 4:13CV413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014). A pleading that alleges the same offending conduct by both an insurer and an adjuster, producing the same injury, fails to state actionable conduct by the non-diverse defendant. *See id.* Further, the claims against him for violation of the Texas Insurance Code and DTPA do not satisfy the pleading requirements of Rule 9(b). *See Frith,* 9 F. Supp. 2d at 742; *see also Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc.*, 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016).

      10.     Moreover, SKB's claims against Mr. Denton fail as a matter of law. Mr. Denton is not a party to the insurance contract between SKB and Columbia, and cannot be liable for breach of contract. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). Likewise, SKB's DTPA claims fail as a matter of law because SKB is not a consumer due to the fact that Mr. Denton's alleged conduct did not occur "in connection with the purchase or lease of any goods or services." *See Janik v. City of Dallas*, CIV.A.3:95-CV-2594-D, 1997 WL 538758, at *5 (N.D. Tex. Aug. 26, 1997); *see also Lehman-Menley v. Boston Old Colony Ins. Co.*, A-05-CA-1054 LY, 2006 WL 2167258, at *3 (W.D. Tex. July 31, 2006). Similarly, SKB's claims against Mr. Denton for violations of Chapter 541 of the Texas Insurance Code are not viable because he was merely assigned by Columbia to inspect the property. *See Messersmith v. Nationwide Mut.*

*Fire Ins. Co.,* 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014); *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-CV-1212-D, 2016 WL 5791550, at *3-4 (N.D. Tex. Oct. 4, 2016) (holding that an insurance adjuster cannot be held liable under Texas Insurance Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7) and § 542.003(b)(5)); *McClelland v. Chubb Lloyd's Ins. Co. of Texas*, 5:16-CV-00108, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016). Further, to the extent SKB asserts claims for violation of Chapter 542 of the Texas Insurance Code or breach of the common-law duty of good faith and fair dealing against Mr. Denton, such claims also fail as a matter of law because he is not SKB's insurer. *See* TEX. INS. CODE 542.060(a); *Messersmith,* 10 F. Supp. 3d at 724 (N.D. Tex. 2014); *Zimmerman v. Travelers Lloyds of Texas Ins. Co.,* 5:15-CV-325, 2015 WL 3971415, at *3 (W.D. Tex. June 30, 2015).

11. Accordingly, SKB's alleged claims against Mr. Denton are intended solely to deprive this Court of jurisdiction, and his citizenship should be disregarded in determining the Court's jurisdiction. Moreover, for the same reasons, all claims against Mr. Denton should be dismissed.

**C. ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

12. SKB's pleading asserts that it "seeks monetary relief over $200,000 but not more than $1,000,000, and demands judgment for all relief to which it deems itself entitled." (*See* Pl.'s Pet. at 1.) Although Columbia disputes liability and damages, it is evident from the pleading that SKB purports to allege claims for monetary relief that, if granted, would exceed $75,000.00. Therefore, based on SKB's claims for damages, the amount in controversy requirement is satisfied.

13. This action was filed in state court on September 29, 2016 and Columbia was served with process on October 5, 2016. This Notice of Removal is therefore timely filed within

thirty days of receipt of service of SKB's pleading by Columbia pursuant to 28 U.S.C. § 1446(b).

14.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders filed in Atascosa County, Texas as of this date, are contained in the Index of Documents, which is attached hereto as Exhibit "A" and filed with this Notice of Removal.

15.     Contemporaneously with the filing of this Notice of Removal, Columbia is giving written notice of the removal to SKB through its attorney of record and to the clerk of the state court as required by 28 U.S.C. § 1446(d).

16.     Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal is proper. Venue is proper for removal to this District pursuant to 28 U.S.C. § 1441(a) because this District and Division embrace the place in which the state court action is pending.

### III.
### CONCLUSION

WHEREFORE, Columbia respectfully requests that this action now pending in Atascosa County, Texas be removed to the United States District Court for the Western District of Texas, San Antonio Division. Columbia further requests that this Court grant it any such other and further relief to which it may be justly entitled.

        Respectfully submitted,

        By:*/s/ Omar Galicia*
           Omar Galicia
           State Bar No. 24012667
           omarg@tbmmlaw.com
           Lisa A. Songy
           State Bar No. 00793122
           lisas@tbmmlaw.com
           Donnie M. Apodaca, II
           State Bar No. 24082632
           donniea@tbmmlaw.com

TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
(214) 665-0100
(214) 665-0199 (fax)

**ATTORNEYS FOR COLUMBIA MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This certifies that, on October 27, 2016, a true copy of the foregoing was served on the following counsel of record pursuant to the Federal Rules of Civil Procedure as follows:

**VIA US MAIL**
William N. Allan, IV
Wes Holland
ALLAN, NAVA, GLANDER & HOLLAND, PLLC
13409 NW Military Highway, Suite 300
San Antonio, TX  78231

        /s/ *Omar Galicia*
        Omar Galicia